## VAN GILDER V. JACK.

PARTNERSHIP: REAL ESTATE AND ABSTRACT BUSINESS: ACCOUNTING.

*Appeal from Monroe District Court.*

WEDNESDAY, OCTOBER 3.

ACTION in chancery to dissolve a co-partnership and for other relief. Upon a trial on the merits a decree was entered dismissing plaintiff's petition. He now appeals to this court.

*Perry & Townsend* and *H. L. Dashiell*, for appellant.

*Jack & Gregg* and *James Cohen*, for appellee.

BECK, J.—I. The petition shows that the parties formed a co-partnership by a written agreement for the prosecution of the real estate and abstract business. The instrument provides that the plaintiff should purchase a one-half interest in the abstract books, safe and office furniture owned by defendant, and one-half of the business carried on by him, paying him therefor certain real estate and promissory notes, all of the value of two thousand dollars. The agreement further provides that in case the "total receipts" of the firm should "not foot up so as to make" plaintiff's "receipts as much as seventy-five dollars per month for the first four months of the business of the firm," the plaintiff should have the option to withdraw from the firm, and in that case the defendant should become bound to pay plaintiff in cash the amount of the consideration paid by him, or at defendant's option he could discharge the obligation by the return of the property received by him. In case the receipts of the plaintiff should, for the first four months, amount to seventy-five dollars per month, the sale should be regarded as absolute. Other provisions of the contract need not be stated. The petition alleges that the receipts of the firm did not amount to a sum sufficient to pay plaintiff seventy-five dollars per month for four months, as provided in the agreement. Plaintiff retired from the firm, and brings this action to settle the partnership and to recover the sum of two thousand dollars, the value of the property received by defendant under the contract. He asks for a lien upon the real estate named in the agreement, and for other relief which need not be specified. The defendant, among other matters, alleges that the earnings of the firm during the first four months were sufficient to make plaintiff's income from the business more than seventy-five dollars per month.

II. The parties do not agree upon the construction of the contract, plaintiff insisting that it provides that the net earnings after all expenses are paid, should be the basis upon which to determine the amount plaintiff is entitled to recover from the firm, and defendant claiming that the gross income of the firm, without the deduction of expenses, being divided between the parties, gives the "receipts" of each. In the view we take of the case it is not necessary to determine the question thus raised. The parties differ also upon another point of construction of the instrument, plaintiff claiming that certain accounts for earnings of the firm should not be estimated in determining the amount of the "receipts" set apart to his share. We think this position is not correct. Plaintiff is entitled to a share in whatever property of value is held by the firm, and should be charged accordingly. In determining plaintiff's interest therein its real value need not be considered.

The controlling question in the case is one of fact, and involves the actual sum received by plaintiff from payments made to the firm, or which he will receive from collectible accounts or claims held by the firm. Upon this question the parties in their testimony differ widely. There is little testimony in the case except of the parties themselves. Plaintiff's testimony shows that he received less than seventy-five dollars per month, while the testimony of defendant is to the effect that he received more. They differ as to various items making up the sum received by plaintiff. If we are to take the plaintiff's testimony, he is entitled to relief; if we credit defendant, the petition ought to be dismissed. Neither is corroborated to any considerable extent by other witnesses. The book of accounts kept by the parties corroborates defendant. But plaintiff insists that certain entries were made after he had notified defendant of his intention to withdraw from the firm. But defendant maintains that these items are correct, and ought to be considered in determining the question in dispute. If we disregard these entries, the case rests still upon the conflicting testimony of the parties.

Upon the whole testimony, we reach the conclusion that plaintiff has failed to show that he is entitled to relief by the preponderance of the testimony, and that the decree of the district court ought therefore to be affirmed. It would serve no useful purpose to discuss the evidence in order to show the state of the account of plaintiff as claimed by the respective parties. Such decision would involve no question of law, for, in fact, there is no disputed principle in the case.

AFFIRMED.